45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Norma URREA, Defendant-Appellant.
 No. 94-5324.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 13, 1994.
Decided: January 6, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (CR-93-416)
 John C. Kiyonaga, KIYONAGA & KIYONAGA, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, William P. Joyce, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Norma Urrea appeals her conviction, alleging there was insufficient evidence to support a finding of guilt under 18 U.S.C. Sec. 1512(b) (1988), witness tampering. Finding no error, we affirm.
 
 
 2
 Urrea, in exchange for a fee, promised false immigration documents to Mr. and Mrs. Manuel Talavera. When Urrea delivered the documents, the Talaveras discovered that the documents contained incorrect birth dates. The Talaveras returned the documents and asked for their money back. Despite the Talaverases' repeated requests, Urrea never paid them.
 
 
 3
 Urrea was arrested for supplying false immigration documents. Following the arrest, Urrea approached the Talaveras and offered to pay back the money she owed them if they did not testify at her trial. The Talaveras refused and testified against Urrea. At the end of Urrea's trial, she was convicted of three counts of fraud and misuse of immigration documents, and one count of witness tampering.
 
 
 4
 The standard of review for a claim of insufficient evidence is whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Urrea claims that there was insufficient evidence offered at trial to establish that she attempted to "corruptly persuade" a witness from testifying and, therefore, she is not guilty of witness tampering in violation of 18 U.S.C. Sec. 1512(b). Urrea argues that because she was paying a debt she already owed and because the Talaveras had previously approached her about paying the debt, her offer to pay the debt in exchange for the Talaverases' withholding their testimony, was not "corrupt" within the meaning of the statute. This argument is clearly without merit. We find that the Talaverases' testimony concerning the contacts from Urrea in regard to their testimony at trial and the payment of money if they would not testify falls into the meaning of "corrupt persuasion." Accordingly, we affirm Urrea's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.